IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| THERMO KING CORPORATION | ) | CASE NO.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CARRIER CORPORATION and THERMO ENGINE SUPPLY, INC. | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## COMPLAINT

Plaintiff Thermo King Corporation ("Plaintiff" or "Thermo King"), for its Complaint against Defendants Carrier Corporation ("Carrier") and Thermo Engine Supply, Inc. ("TES") (collectively "Defendants"), alleges and avers as follows:

## THE PARTIES

1.   Thermo King is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 314 West 90th Street, Minneapolis, Minnesota 55420.

2.   Upon information and belief, Defendant Carrier Corporation ("Carrier") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at One Carrier Place, Farmington, Connecticut 06034.

3.   Upon information and belief, Defendant Thermo Engine Supply, Inc. ("TES") is a California Corporation doing business within the jurisdiction of this Court and can be served at 1611 Sunkist St., Anaheim, CA 92806.

4. Upon information and belief, TES is a subsidiary and/or related company of Carrier.

## JURISDICTION AND VENUE

5. Through this Complaint, Plaintiff asserts claims against Defendants that arise under the Lanham Act of 1946, as amended, 15 U.S.C. § 1051, *et seq*.

6. The Court has original subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1338(a).

7. The Court has personal jurisdiction over Defendants in that Defendants have sold, and are selling, their products to customers throughout the State of Minnesota.

8. Venue is proper in the United States District Court for the District of Minnesota pursuant to 28 U.S.C. §§ 1391(b) as Defendants do business in the District of Minnesota, and a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## BACKGROUND FACTS

9. Since 1938, Thermo King has designed, built and sold refrigeration and heating units for trucks, trailers, shipboard containers and railway cars and air conditioning for buses, trains and urban mass transit worldwide.

10. Thermo King owns the following United States Trademark Registrations: 522,496 (THERMO KING); 800,606 (THERMO KING); 811,277 (TK (And Design)); 980,159 (TK (And Design)); 982,686 (THERMO KING); 2,330,732 (TK THERMO KING (And Design)); 2,301,438 (TK THERMO KING (And Design)); and 4,812,079 (THERMO KING). Thermo King also owns United States Trademark Registration 3,649,429 for the mark TRIPAC. Collectively, these marks will be referred to herein as the "THERMO KING Marks."

11. The foregoing registrations for the THERMO KING Marks are in full force and effect.

12. Thermo King sells hundreds of millions of dollars' worth of its temperature control systems and equipment under the THERMO KING Marks each year in the United States. Thermo King has expended and continues to spend millions of dollars annually to advertise and promote its THERMO KING Marks and Thermo King-branded goods.

13. The THERMO KING Marks are distinctive and became famous long prior to the acts of Defendants complained of herein as a result of Thermo King's long and continuous use of the THERMO KING Marks; its substantial sales, advertising and promotional activities under those marks; and Thermo King's substantial presence in the marketplace.

14. The THERMO KING Marks are well and favorably known and represent the source and origin of Thermo King's goods and services sold in association therewith.

15. Thermo King sells its high quality temperature control systems under the THERMO KING Marks in the United States through authorized Thermo King dealers.

16. All temperature control systems manufactured by Thermo King include a warranty which provides that the product can be serviced by authorized Thermo King dealers across the United States.

17. The strength of the THERMO KING Marks is one of Plaintiff's most valuable corporate assets.

## NATURE OF THE CASE

18. Plaintiff brings this action to put a stop to Defendants' unfair competition with Plaintiff arising from Defendants' willful infringement and dilution by tarnishment of Plaintiff's THERMO KING Marks.

19. Defendants are displaying and utilizing the THERMO KING Marks on goods such as fuel filters being offered for sale to customers in the State of Minnesota and elsewhere.

20. Below is a true and correct copy of an image from the website of Defendant TES (http://www.thermoenginesupply.com), showing a fuel filter for sale with Part Number 10-13-864, and using the term "Tripac." While not entirely visible in the image below, the fuel filter also has the words "Thermo King" placed thereon.



21. Attached hereto as Exhibit A are true and correct copies of webpages from Defendant TES' website that clearly show the words "Thermo King" placed on the fuel filter with Part Number 10-13-864.

22. Attached hereto as Exhibit B is a true and correct copy of a 2016 Catalog from Defendant TES which uses the word "Tripac" at page 65 in relation to fuel filters, and specifically the fuel filter with Part Number 10-13-864.

23. Attached hereto as Exhibit C are true and correct copies of pages from Defendant TES' LinkedIn page, where the words "Thermo King" and "Tripac" are repeatedly utilized.

24. Attached hereto as Exhibit D are true and correct photographs of fuel filter products with Part Number 10-13-864, as received from Defendant TES by Plaintiff's

investigator. These photos clearly show the THERMO KING Marks on the packaging for the goods, and on the good themselves.

25. Attached hereto as <u>Exhibit E</u> is a true and correct photograph of a fuel filter sold by Defendant Carrier that shows the words "Thermo King" on the goods.

26. Defendants are not authorized to use Plaintiff's registered THERMO KING Marks (such as THERMO KING and TRIPAC) or to otherwise claim they are affiliated with, or sponsored or endorsed by, Plaintiff.

27. Upon information and belief, Defendants' products are of substantially inferior quality as compared to Plaintiff's products such that Plaintiff's THERMO KING Marks will likely suffer negative associations through Defendants' unauthorized use.

28. Defendants' infringing use of Plaintiff's THERMO KING Marks on products (such as fuel filters) to falsely present a relationship with Plaintiff is likely to confuse consumers.

29. Consumers are likely to be misled as to the source, sponsorship, or affiliation of Defendants' goods and services.

30. Defendants' goods and services are distributed through the same channels of trade in which Plaintiff's goods and services are distributed, which is likely to cause consumer confusion, mistake and deception.

31. Furthermore, because, upon information and belief, Defendants' goods and services are of inferior quality as compared to Plaintiff's goods and services, Defendants' unauthorized use of the THERMO KING Marks will cause Plaintiff's famous marks to be diluted by tarnishment.

32. Upon information and belief, Defendants are aware of Plaintiff's rights arising under trademark and unfair competition law but refuse to respect them.

33. Upon information and belief, Defendants have intentionally and with knowledge sought to cause consumer confusion, mistake, and deception through the continued use of the THERMO KING Marks.

34. Accordingly, in this action Plaintiff seeks to enjoin Defendants from using Plaintiff's THERMO KING Marks for the marketing and sale of goods and services, and from falsely claiming association with, or sponsorship or endorsement by, Plaintiff.

## FIRST CLAIM FOR RELIEF

### (TRADEMARK INFRINGEMENT UNDER LANHAM ACTION § 32)

35. Plaintiff realleges the allegations contained in paragraphs 1 through 34, inclusive, of this Complaint as though fully set forth herein.

36. Plaintiff is the owner of several registered service marks and trademarks associated with its goods and services. Each of Plaintiff's THERMO KING Marks is inherently distinctive and Plaintiff has developed and maintained substantial secondary meaning in each of these marks.

37. Defendants, without Plaintiff's consent, have used reproductions, counterfeits, copies and/or colorable limitations of THERMO KING Marks in commerce in connection with the sale, offering for sale, distribution and/or advertising of Defendants' goods and services, and such use is likely to cause confusion, to cause mistake, and/or to deceive.

38. Defendants' conduct constitutes willful trademark infringement pursuant to 15 U.S.C. § 1114(1). Defendants' conduct was intended to cause confusion, has caused confusion, and will continue to cause confusion unless enjoined.

EAST\136251299.8

n/a
n/a

39. For each completed act of trademark infringement, Plaintiff is entitled to recover its actual damages as well as Defendants' profits from such infringement.

40. Monetary relief alone is not adequate to address fully the irreparable injury that Defendants' illegal actions have caused and will continue to cause Plaintiff if not enjoined. Plaintiff is therefore also entitled to preliminary and permanent injunctive relief to stop Defendants' ongoing infringement of Plaintiff's registered THERMO KING Marks.

## SECOND CLAIM FOR RELIEF

### (TRADEMARK DILUTION UNDER LANHAM ACT § 43(c))

41. Plaintiff realleges the allegations contained in paragraphs 1 through 40, inclusive, of this Complaint as though fully set forth herein.

42. Plaintiff's THERMO KING Marks are the subject of numerous registrations. Such marks are distinctive and Plaintiff has developed and maintained substantial secondary meaning in each of such marks.

43. Since 1938, Plaintiff has exclusively used the THERMO KING Marks in connection with its goods and services, has made the THERMO KING Marks the subject of substantial advertising and promotion throughout the United States, and, as a result, has ensured that the THERMO KING Marks are widely recognized by consumers and those in the trade as unique signifiers of Plaintiff's goods and services. Plaintiff's THERMO KING Marks are famous marks.

44. Defendants have diluted and are diluting Plaintiff's THERMO KING Marks by tarnishment by virtue of their use of the THERMO KING Marks in connection with, upon information and belief, inferior goods and services. Defendants' acts have lessened the capacity

of Plaintiff's famous marks to identify and distinguish Plaintiff's goods and services. Defendants' conduct has tarnished the unique association that has heretofore existed between Plaintiff's THERMO KING Marks and Plaintiff's quality goods and services.

45. Defendants' conduct constitutes trademark dilution pursuant to 15 U.S.C. § 1125(c). Defendants committed the acts alleged above willfully and with the intent to trade on the reputation of Plaintiff and to cause dilution of the Plaintiff's famous THERMO KING Marks.

46. Monetary relief alone is not adequate to address fully the irreparable injury that Defendants' illegal actions have caused and will continue to cause Plaintiff if not enjoined. Plaintiff is therefore entitled to preliminary and permanent injunctive relief to stop Defendants' ongoing dilution of Plaintiff's registered THERMO KING Marks.

### THIRD CLAIM FOR RELIEF

**(UNFAIR COMPETITION UNDER LANHAM ACT § 43(a))**

47. Plaintiff realleges the allegations contained in paragraphs 1 through 46, inclusive, of this Complaint as though fully set forth herein.

48. Plaintiff is the owner of several registered service marks and trademarks associated with its goods and services. Each of Plaintiff's THERMO KING Marks is inherently distinctive and Plaintiff has developed and maintained substantial secondary meaning in each of its marks.

49. Defendants have infringed and are infringing on Plaintiff's THERMO KING Marks by virtue of their use of the THERMO KING Marks in connection with goods and services. Such conduct has caused consumer confusion as to Plaintiff's association with, affiliation with, or sponsorship of Defendants' goods and services.

8

50. Defendants' conduct constitutes unfair competition pursuant to 15 U.S.C. § 1125(a). Defendants' conduct was intended to cause confusion, has caused confusion, and will continue to cause confusion unless enjoined.

51. For each completed act of unfair competition, Plaintiff is entitled to recover its actual damages as well as Defendants' profits from such conduct.

52. Monetary relief alone is not adequate to address fully the irreparable injury that Defendants' illegal actions have caused and will continue to cause Plaintiff if not enjoined. Plaintiff is therefore also entitled to preliminary and permanent injunctive relief to stop Defendants' ongoing unfair competition.

**FOURTH CLAIM FOR RELIEF**

**(COMMON LAW UNFAIR COMPETITION)**

53. Plaintiff realleges the allegations contained in paragraphs 1 through 52, inclusive, of this Complaint as though fully set forth herein.

54. Defendants' actions complained of herein constitute unfair competition under the common law of the State of Minnesota.

55. Defendants' actions have caused and will likely continue to cause confusion, mistake, and deception among consumers.

56. Defendants' unfair competition has caused and will continue to cause damage to Plaintiff, including irreparable harm for which there is no adequate remedy at law.

57. As a consequence of Defendants' unfair competition, Plaintiff is entitled to damages and preliminary and permanent injunctive relief ordering Defendants to cease this unfair competition.

EAST\136251299.8

## FIFTH CLAIM FOR RELIEF

### (TRADEMARK COUNTERFEITING UNDER LANHAM ACT § 32)

58.     Plaintiff realleges the allegations contained in paragraphs 1 through 57, inclusive, of this Complaint as though fully set forth herein.

59.     This cause of action arises under 15 U.S.C. § 1114(1), and relates to Defendants' use in commerce of counterfeit versions of the THERMO KING Marks in connection with the sale, offering for sale, distribution, or advertising of goods and services that is likely to cause confusion among relevant consumers.

60.     Defendants, without authorization from Plaintiff, have and continue to use spurious designations that are identical to, or substantially indistinguishable from the THERMO KING Marks.

61.     Defendants intend to cause, have caused and are likely to continue to cause confusion or mistake, or to deceive customers, the public and the trade into believing that Defendants' counterfeit marks are genuine or authorized by Plaintiff.

62.     Defendants have acted with knowledge of Plaintiff's ownership of the THERMO KING Marks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill inherent in the THERMO KING Marks.

63.     Defendants have made, and will continue to make, substantial profits and gains to which they are not entitled in law or equity.

64.     Defendants intend to continue to damage Plaintiff, and Plaintiff is entitled to receive its actual damages as well as Defendants' profits from the ongoing counterfeiting.

65.     Monetary relief alone is not adequate to address fully the irreparable injury that Defendants' illegal actions have caused and will continue to cause Plaintiff if not enjoined.

Plaintiff is entitled to injunctive relief prohibiting Defendants from using the THERMO KING Marks or any marks identical and/or confusingly similar thereto for any purpose and to recover from Defendants all damages, including attorneys' fees, that Plaintiff has sustained and will sustain as a result of such infringing acts, and all gains, profits, and advantages obtained by Defendants as result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. 1117(a).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays for relief against Defendants as follows:

1. That Defendants, their agents, partners, servants, employees, officers, attorneys, managers, successors and assigns, and all persons acting in concert with or on behalf of Defendants be restrained and enjoined preliminarily and permanently from:

    a. Using the THERMO KING Marks, or any substantially similar version thereof, or committing any other act that falsely represents or advertises or that has the effect of falsely representing or advertising that Defendants' goods and services are authorized, sponsored or endorsed by Plaintiff;

    b. Diluting the distinctive nature and capacity of the famous THERMO KING Marks;

    c. Using counterfeit versions of the THERMO KING Marks in commerce in connection with the sale of good and services;

    d. Otherwise infringing Plaintiff's family of THERMO KING Marks; and

    e. Unfairly competing with Plaintiff;

2. That Defendants be required to account for all gains, profits, and advantages derived from any acts of infringement, dilution and false advertising and for their other violations of law;

3. That Defendants be required to pay over to Plaintiff the actual damages, in an amount to be determined at trial, that Plaintiff has suffered by Defendants' infringement and

dilution of the THERMO KING Marks and including but not limited to any profits derived by Defendants from their infringement, dilution and unfair competition;

4. That Defendants be ordered to pay Plaintiff an award of treble damages as provided by § 35(a) of the Lanham Act (15 U.S.C. 1117(a));

5. That treble damages be assessed against Defendants for their knowing and willful use of counterfeit marks, as specified in § 35(b) of the Lanham Act (15 U.S.C. 1117(b));

6. That statutory damages be assessed against Defendants for their knowing and willful use of counterfeit marks, in an amount not less than $2,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as specified in § 35(c) of the Lanham Act (15 U.S.C. 1117(c));

7. That Plaintiff recover its costs of suit incurred herein;

8. That Plaintiff recover its attorneys' fees reasonably incurred in this action; and,

9. That Plaintiff has such other and further relief as the Court deems just and proper.

EAST\136251299.8

## **JURY DEMAND**

Plaintiff hereby demands trial by jury as to all claims and defenses in this action pursuant to Fed. R. Civ. Pro. 38(b).

Dated:  November 11, 2016              Respectfully submitted,


                                               *s/ Sonya R. Braunschwieg*
Sonya R. Braunschweig (Bar No. 290282)
DLA PIPER (US) LLP
80 South Eighth Street
Suite 2800
Minneapolis, MN 55402-2103
Phone: (612) 524-3000
Fax: (612) 524-3001
Sonya.Braunschweig@dlapiper.com

Counsel for Plaintiff
Thermo King Corporation

14